CASE 25—PETITION ORDINARY—OCTOBER 16.

# Citizens' Bank of Paris, Ky., v. Houston.

APPEAL FROM BOURBON CIRCUIT COURT.

WHERE A BANK RECEIVED FROM THE PAYEE FOR COLLECTION A CHECK UPON ANOTHER BANK, which was duly protested for non-payment, of which notice was given, and the bank thereafter surrendered the protested check to the drawer and accepted in its stead a check upon another bank payable to its cashier for the same amount with protest fees added, payment of which was also refused, the bank did not thereby become liable to its customer for the amount of the check, as it must be regarded as his agent throughout the transaction; and having acted in the best of faith and no damage having resulted to the customer, no liability exists.

M'MILLAN & TALBOTT FOR APPELLANT.

1. If this is an action for failure to collect the check, the petition is defective because it does not state that the bank failed to make an effort to collect the check, or could have collected, and no such allegation was possible, as the admitted facts show that the bank made every effort to collect the check. (Farmers' Bank & Trust Co. of Stanford v. Newland, 97 Ky.)
2. The measure of recovery is not the face of the check, and the jury should have been instructed that if the bank had converted the check they should find for the plaintiff such damages as he had sustained considering the admitted fact that there was no money in the bank and that the drawer was insolvent. (Sedgwick on Damages, sec. 256; 4 Am. & Eng. Enc. of Law, 124.)
3. In its answer the bank denies the conversion of the check, claiming

that it surrendered the old check as the only thing it could do under the circumstances, with the consent of the plaintiff actually given or implied from his conduct under all the circumstances; and the court should have instructed the jury as to this defense, there being evidence tending to support it.

4. The bank was not an intermeddler, but by reason of the circumstances was the agent authorized by law under the circumstances to take any proper step that seemed likely to result in securing the debt. (1 Morse on Banks and Banking, secs. 214, 216, 218.)

GEO. C. LOCKHART FOR APPELLEE.

1. Putting aside the fact of indulgence to the drawer of the check, appellant's authority as agent to collect the check on the Cynthiana National Bank was to surrender that check *only upon payment in money*. (15 Am. Dec., 129 and note.)

The custom of banks giving credit for checks received for collection and reasonably charging off such credit, if payment of the check so received for collection be refused, does not apply.

2. The circuit court determined as matter of law that appellant was liable upon the facts of this record to appellee for the face of Griffith's check to appellee and left to the jury to find in their discretion interest from the date of the check.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Joseph Houston, about September 22, 1891, delivered to, and Citizens Bank of Paris, Kentucky, received, for collection an order or check for $129, which one Griffith had drawn on the Cynthiana National Bank at Cynthiana, payable September 30, 1891, to his order. In proper time it was sent to the latter bank, but returned, duly protested for non-payment, of which fact written notice was immediately mailed to both appellee and Griffith.

October 6, 1891, Griffith drew an order on the Bourbon Bank of Paris, for $131.66, being the amount of the original one and protest fees added, and payable to order of Brent, cashier of Citizens Bank of Paris, which, upon representation that he had there deposited money to meet

it, was accepted by the bank instead of the original, then canceled and given up. But payment of that check was likewise refused, although presented for that purpose to the Bourbon Bank of Paris, on the day it was given and other days.

October 22, 1891, Griffith made a deed of assignment for the benefit of creditors generally, and March, 1893, Houston brought this action to recover of Citizens Bank of Paris amount of original check and interest, for which, under peremptory instruction of the court, the jury returned a verdict, followed by judgment now appealed from.

The alleged cause of action is that defendant, without consent or knowledge of plaintiff, canceled and gave up that check and accepted in lieu of it a check from Griffith, the debtor, on another bank, made payable to the order of its own cashier.

Up to that time defendant had performed its undertaking with due diligence and in good faith, and the original check was plainly worthless, for Griffith was, as seems to be conceded, insolvent. But, whether strictly required to do or attempt to do more in an effort to collect the debt, it is plain defendant accepted the new and gave up the old check in good faith, and as the only then practicable or possible way of subserving the interest of plaintiff. And that it intended and could possibly profit by assuming ownership of the debt and becoming liable to Houston therefor is wholly unreasonable. We know of no rule of right that would, under such circumstances, make an agent liable to his principal, for such was the relation of the parties throughout the transaction.

It may be that when an agent acts without or beyond the line of his authority, and the principal incurs thereby an injury, he may be held liable; but here no injury was done

to plaintiff by cancellation of one and acceptance in its place of another check, nor, according to the evidence, was the transaction either without implied authority of plaintiff or such as he would or could have reasonably objected to if present.

The testimony of Griffith, introduced by plaintiff, shows that after the check on National Bank of Cynthiana had been protested for non-payment, he, by letter, informed and promised plaintiff he would go to Paris and "fix it up," and that plaintiff, after being notified of the protest and return of the check to the Citizens Bank of Paris, remained away four or five days, making no effort to collect it himself, is convincing that he expected and intended defendant, as his agent, to attend to the matter of having Griffith fix it up.

The fact of the new check being made payable to the cashier of defendant is no evidence of its intention to assume ownership of the check or become liable to plaintiff therefor, because, he being absent, it had to be drawn in that way in order to procure proper presentation and payment.

It seems to us, as this record stands, defendant incurred no liability to plaintiff, and the jury ought to have been so instructed.

Wherefore, the judgment is reversed and cause remanded for a new trial consistent with this opinion.